**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-10222
_____

RIFER JOHNSON,

Plaintiff-Appellee,

VERSUS

DALLAS COUNTY, TEXAS, ET AL.,

Defendants,

JIM BOWLES, ADRIAN COLLYNS, and BARBARA STACY,

Defendants-Appellants.

_____

Appeal from the United States District Court
For the Northern District of Texas
Dallas Division
(3:92-CV-1121-P)
_____
March 20, 1997

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit Judges:

PER CURIAM:[1]

Rifer Johnson, plaintiff-appellee, who was a convicted felon and an inmate in the Dallas County Jail, filed this 42 U.S.C. § 1983 suit against Jim Bowles, Sheriff of Dallas County, Texas, Barbra Stacy, head of nursing for the jail, and Dr. Adrian Collyns,

---

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

a physician on the jail medical staff alleging that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.  The three defendants filed motions for summary judgment seeking dismissal based on qualified immunity which the district court denied.  We REVERSE and RENDER.

I.

Assessing the defense of qualified immunity is a two-step process.  First, we must determine whether Johnson has alleged the violation of a clearly established constitutional right.  If Johnson has alleged such a violation, we then decide if the defendant's conduct was objectively reasonable.  Even if an official's conduct violates a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable.  Nerren v. Livingston Police Dept., 86 F.3d 469, 473 (5th Cir. 1996); Spann v. Rainey, 987 F.2d 1110 (5th Cir. 1993).

Assessing Johnson's allegations in the light most favorable to him, Johnson has failed to state a claim for violation of a constitutional right.  In order to state a 42 U.S.C. § 1983 claim for denial of medical care in violation of the Eight Amendment, Johnson was required to allege facts demonstrating that these defendants had subjective knowledge of a substantial risk of serious harm to Johnson but responded with deliberate indifference.  Farmer v. Brennan, --- U.S. ---, 114 S.Ct. 1970, 128 L.Ed.2d 811, 832 (1984); Hare v. City of Cornith, 74 F.3d 633, 650 (5th Cir. 1996)(en banc).

As to defendants Sheriff Bowles and Nurse Stacy, Johnson

2

simply failed to produce any summary judgment evidence indicating that Sheriff Bowles or Nurse Stacy had any personal knowledge of Johnson's gastrointestinal difficulties which serve as the basis of this suit. He also failed to produce summary judgment evidence tending to establish that Sheriff Bowles and Nurse Stacy had actual knowledge of a longstanding, pervasive or well documented pattern of inadequate treatment given by the prison medical staff to prisoners with emergency medical needs. Under Farmer, Johnson thus fails to allege that these defendants violated his rights under the Eight Amendment for denial of medical care and both Sheriff Bowles and Nurse Stacy are entitled to summary judgment based on qualified immunity. Nerren, 86 F.3d at 473.

As to Dr. Collyns, Johnson's affidavit states that at approximately 10:00 a.m. on March 18, 1990, he was brought to Dr. Collyns for examination. Johnson's affidavit further states that Dr. Collyns did not carefully examine him despite Johnson's recitation of severe abdominal pain, vomiting blood and other symptoms. Assuming these allegations as true, Johnson nonetheless fails to present a genuine issue of material fact tending to show that Dr. Collyns reacted with deliberate indifference to these complaints. The objective summary judgment evidence in the record conclusively establishes that Johnson was admitted to the emergency room at Parkland Hospital in Dallas at 12:20 p.m. on March 18, 1990, or approximately two hours after Dr. Collyns allegedly examined Johnson. Given the promptness

3

with which Johnson was transferred to Parkland Hospital, Johnson has not demonstrated that Dr. Collyns' responded with deliberate indifference to Johnson's serious medical needs.  See <u>Farmer</u>, 128 L.Ed.2d at 830.  Dr. Collyns is therefore entitled to qualified immunity.  <u>Nerren</u>, 86 F.3d at 473.

The judgment of the district court denying summary judgment to appellants is therefore reversed and judgment is rendered in appellants favor recognizing their qualified immunity defense.

REVERSED and RENDERED.